UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BLACKSHIRE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY SHERIFF,<br><br>　　　　　Defendant. | No. 2:16-cv-02538 DB<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is proceeding pro se with a civil rights action under 42 U.S.C. § 1983 alleging that he was imprisoned by the Sacramento County Sheriff beyond his release date. (ECF No. 1.) Plaintiff is not currently incarcerated. (Id.) There is presently no district judge assigned to this case, so, in addition to issuing findings and recommendations on plaintiff's motion for temporary restraining order below, the undersigned will order that the clerk's office assign a district judge to issue an order on the motion.

　　　　On February 23, 2017, plaintiff filed an emergency motion for temporary restraining (TRO) order seeking to enjoin the sale of three homes scheduled for February 27, 2017. (ECF No. 5.) Plaintiff's motion alludes to other cases that he claims need to be closed to stop the sale. (Id. at 1.) Additionally, the motion states that plaintiff has filed two motions for TRO already, which are still pending. (Id. at 2.) The alleged TRO motions plaintiff is referring to were not filed in this case. Plaintiff does not provide any information as to what these cases are, what

1

court they are currently in front of, nor who these TROs seek to enjoin. (Id.) Furthermore, plaintiff's motion for TRO provides no legal reasoning as to why this court should enjoin the sale of these homes, nor does it provide a factual background as to what homes are being sold, who owns them, who is selling them, and how they are related to the complaint in this action, which seeks relief based upon defendant's alleged holding of plaintiff after his scheduled release date.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party only if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel[.]"

Additionally, Local Rule 231(c) requires a motion for TRO to be accompanied by a brief on all relevant legal issues; an affidavit in support of the existence of an irreparable injury; an affidavit detailing the notice of efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given; a proposed temporary restraining order with a provision for a bond; a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction; the date for the filing of responsive papers, the amount of the bond, if any, and the date and hour of issuance; and in all instances in which a temporary restraining order is requested ex parte, the proposed order shall further notify the affected party of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow. Plaintiff's motion for TRO is not accompanied by any of these documents.

The court cannot issue a TRO in the absence of any legal or factual justification. The party seeking a TRO must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009). The propriety of a request for injunctive relief hinges on a significant threat

of irreparable injury that must be imminent in nature. <u>Caribbean Marine Serv. Co. v. Baldrige</u>, 844 F.2d 668, 674 (9th Cir. 1988). Not only does plaintiff's motion fail to meet the legal standards for a TRO, but it does not even reference these standards as there is no legal brief accompanying the motion. Accordingly, plaintiff's motion should be denied as it is wholly inadequate, factually and legally.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's emergency motion for temporary restraining order (ECF No. 5) be denied. Additionally, IT IS HEREBY ORDERED that the clerk's office randomly assign a district judge to this case in order to rule on these findings and recommendations.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 1, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.CIVIL RIGHTS / blac.2538.tro