1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PATRICK BLACKSHIRE,                    No.  2:16-cv-02538 DB

12                 Plaintiff,

13        v.                               ORDER

14   SACRAMENTO COUNTY SHERIFF,

15                 Defendant.

16

17          Plaintiff is proceeding pro se with a civil rights action under 42 U.S.C. § 1983 alleging

18   that he was imprisoned by the Sacramento County Sheriff beyond his release date.  (ECF No. 1.)

19   Plaintiff is not currently incarcerated.  (Id.)  Presently before the court is plaintiff's complaint for

20   screening (ECF No. 1) and his motion to proceed in forma pauperis (ECF No. 2).  For the reasons

21   set forth below the court will dismiss the complaint with leave to amend.

22                              **IN FORMA PAUPERIS**

23          Plaintiff filed a motion to proceed in forma pauperis.  (ECF No. 2.)  Plaintiff has not,

24   however, filed a certified copy of his inmate trust account statement for the six-month period

25   immediately preceding the filing of the complaint.  See 28 U.S.C. § 1915(a)(2).  Plaintiff was

26   previously instructed to file a prison trust account statement, but failed to do so.  (ECF No. 9.)

27   Plaintiff filed an untimely response stating he is no longer incarcerated and the trust account is

28   not mentioned in the original complaint.  (ECF No. 11.)  If plaintiff still wishes to proceed IFP, he

                                         1

must submit an updated application under § 1915(a)(1).  See DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003); Adler v. Gonzalez, No. 1:11-cv-1915-LJO-MJS (PC), 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015), report and reco. adopted, 2015 WL 4668668 (E.D. Cal. Aug. 6, 2015).

**SCREENING**

## I.    Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
////

2

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at 389.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff names as defendant in this action the Sacramento County Sheriff.  He alleges he was sentenced to two years with half time credit, but had credit for over 1000 days, time served.  He also states he was held beyond his release date on three separate occasions.  He specifically claims a judge ordered him to be released on May 11, 2015 and he was not released for approximately one week.  Plaintiff requests reparations for the time served beyond the sentence.

////

### III.     Unlawful Detention Beyond Release Date

Detention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of "deliberate indifference" to the prisoner's liberty interest, see Haygood v. Younger, 769 F.2d 1350, 1354 (citing Estelle v. Gamble, 429 U.S. 97, 104-06 (1976)); otherwise, such detention can be held to be unconstitutional only if it violates due process. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).

"In the context of an Eighth Amendment claim for incarceration without penological justification . . . a plaintiff must demonstrate three elements to establish § 1983 liability against a prison official: (1) a prison official had knowledge of the prisoner's problem and thus the risk that unwarranted punishment was being, or would be, inflicted; (2) the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight; and (3) a causal connection between the official's response to the problem and the unjustified detention." Montanez v. Thompson, 603 F.3d 243, 252 (3d Cir. 2010) (citing Sample v. Dieks, 885 F.2d 1099, 1110 (3d Cir. 1989).

### IV.     Fourteenth Amendment Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests created by state law are generally limited to free from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

A prisoner may claim a Fourteenth Amendment "liberty interest" in avoiding incarceration beyond his or her release date. "[T]he Supreme Court has recognized that an individual has a liberty interest in being free from incarceration absent a criminal conviction." Lee v. City of Los Angeles, 250 F.3d 668, 683 (9th Cir. 2001) (citing Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992). Accordingly, prison officials may be held liable under §1983 if they extend an inmate's prison term, or the inmate's incarceration is otherwise continued past his or

her release date without affording the inmate "a meaningful hearing" in advance. See Haygood, 769 F.2d at 1355-58.

**V.      Heck Bar**

Generally, a plaintiff may not utilize § 1983 to challenge the legality or duration of his or her custody, or raise a constitutional challenge which could entitle him or her to an earlier release; he or she must seek such relief through a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); Preiser v. Rodriguez, 411 U.S. 475, 477 (1973); Young v. Kenny, 907 F.2d 874, 876 (9th Cir. 1990).

Further, relief under § 1983 for an allegedly unconstitutional conviction or imprisonment does not accrue until the conviction or sentence has been invalidated. Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82 (2005) (emphasis in original).

**VI.      Analysis**

Plaintiff has failed to state a cognizable claim. Plaintiff has named only the Sacramento County Sheriff as the defendant in this action. However, the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooke v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity from suit).

////

5

Because the Sacramento County Sheriff is a state agency it is entitled to Eleventh Amendment Immunity from suit. Accordingly, plaintiff may not pursue a claim against the department. However, plaintiff will be given the opportunity to amend the complaint to name a proper defendant. Plaintiff must state specific facts as to each individual defendant's deliberate indifference. Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988); see Haygood, 769 F.2d at 1354-55 ("deliberate indifference standard requires a finding of some degree of individual culpability") (citation omitted). There must be an affirmative link between a defendant's actions and the claimed deprivation. See Rizzo v. Goode, 423 U.S. 362 (1976).

Additionally, to the extent plaintiff intends to bring a claim for unlawful detention beyond the release date, plaintiff must allege facts showing a prison official was aware that plaintiff had sufficient credits to be released, that the official failed to act or acted in deliberate indifference to his plight, and that there is a causal connection between the official's response and the unjustified detention. If the basis for plaintiff's claim is a due process violation, plaintiff must state facts showing he informed prison officials there was an error in calculating the term of his confinement and the official(s) refused to provide a meaningful and expeditious consideration of his claim that his sentence was miscalculated. Finally, the complaint does not contain sufficient facts to determine whether or not plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). However, plaintiff cannot bring a civil rights action for damages for wrongful imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence has already been determined to be wrongful. Heck, 512 U.S. at 486-87.

**AMENDING THE COMPLAINT**

As set out above, plaintiff fails to state a cognizable claim and he will be given the opportunity to amend the complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The

6

charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is denied without prejudice;

2. Plaintiff shall submit within thirty days from the date of service of this order, an updated application to proceed IFP in accordance with 28 U.S.C. § 1015(a)(1); or pay the $400 filing fee in full. Failure to submit an updated application or pay the filing fee will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and failure to obey court order.

3. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim.

4. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 26, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/blac2538.scrn