UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BLACKSHIRE,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY SHERIFF,<br><br>Defendant. | No. 2:16-cv-2538 JAM DB P<br><br><br><br>ORDER |

Plaintiff is a former county inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff claims he was imprisoned by the Sacramento County Sheriff beyond his release date. (ECF No. 1.)

By order dated November 26, 2018, plaintiff was directed to submit an updated application to proceed in forma pauperis or to pay the filing fee within thirty days. (ECF No. 13.) In the same order, the court screened and dismissed the complaint for failure to state a claim and plaintiff was directed to file an amended complaint within thirty days. Plaintiff was warned that failure to comply with the order would result in a recommendation that this action be dismissed.

Those thirty days have passed and plaintiff has not filed an updated application to proceed in forma pauperis, paid the filing fee, or filed an amended complaint. Instead he has filed a document titled "Objections to Findings and Recommendations and Amended Complaint." (ECF No. 14.) Therein plaintiff states he is mentally disabled, homeless, and that he needs an attorney,

////

1

but cannot afford one. He further states it is undeniable that his release date was not honored and his time served exceeded his sentence.

District courts lack authority to require counsel to represent indigent litigants in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (internal citations omitted).

In the present case the court does not find the required exceptional circumstances. Mental impairment may be grounds for appointment of counsel in certain situations, but the impairment must be an "incapacitating mental disability" and the plaintiff "must present substantial evidence of incompetence." Meeks v. Nunez, No. 13CV973-GPC (BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017). The court must be able to find a nexus between the mental disorder and the plaintiff's ability to articulate his claims. See McElroy v. Cox, Civil No. 08-1221 JM (AJB), 2009 WL 4895360 at *3 (E.D. Cal. Dec. 11, 2009).

Here, plaintiff has alleged he is mentally disabled, but has not submitted any additional information to demonstrate how his mental impairment would impair his ability to litigate this case. Without more information regarding plaintiff's mental health issues and how those issues relate to his ability to proceed with this action pro se, the court does not find the required exceptional circumstances. Additionally, at this stage of the proceedings the court cannot make a determination regarding the likelihood of plaintiff's success on the merits because he has yet to state a claim upon which relief may be granted. Accordingly, the court will deny plaintiff's motion to appoint counsel without prejudice.

The court will give plaintiff one more opportunity to comply with its previous order directing him to file an amended complaint and file an updated application to proceed in forma pauperis or pay the filing fee. Should plaintiff fail to file an amended complaint and either submit

an updated application to proceed in forma pauperis or pay the filing fee, the court will recommend that this action be dismissed for failure to comply with court orders and failure to prosecute. See E.D. Cal. R. 110; E.D. Cal. R. 183(b); Fed. R. Civ. P. 41.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 14) is denied;
2. Within thirty days of the date of this order plaintiff shall file an amended complaint and either an updated motion to proceed in forma pauperis or pay the filing fee;
3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: January 28, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/blac2538.31